UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN BATISTA,<br><br>       **Plaintiff,**<br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., STERN, LAVINTHAL & FRANKENBERG, BANK OF AMERICA, BAC HOME LOANS SERVICING, LP, FIRST FINANCIAL EQUITIES, INC.,<br><br>       **Defendants.** | Civ. No. 15-cv-4522 (KM)<br><br>**MEMORANDUM & ORDER** |

  This matter comes before the Court on the *pro se* plaintiff's complaint and motion, without filing fee (Dkt. No. 1), for an emergent temporary restraining order and preliminary injunction against defendants Countrywide Home Loans, Inc., Stern Lavinthal & Frankenberg, Bank of America, BAC Home Loans Servicing, LP, and First Financial Equities, Inc. (the "defendants"). In 2008, the plaintiff defaulted on her mortgage. The New Jersey Superior Court, Middlesex County, entered a judgment of default in 2009, and a final judgment of foreclosure in 2013. The plaintiff filed this federal action to enjoin the defendants from selling her home at a Sheriff's Sale that is scheduled to occur on July 1, 2015. The plaintiff argues that she has successfully rescinded her mortgage in a letter dated June 12, 2015, that the mortgage loan and note are now void, and that, therefore, there is no legal basis to conduct the Sheriff's Sale. The plaintiff also argues that the defendants violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, by failing to satisfy certain of the Act's disclosure requirements.

  "A plaintiff seeking a preliminary injunction must establish
[1] that [s]he is likely to succeed on the merits,

> [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief,
>
> [3] that the balance of equities tips in [her] favor, and
>
> [4] that an injunction is in the public interest."

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (line breaks and numbering added); *accord American Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012); *Kos Pharm., Inc. v. Andrx Corp.* 369 F. 3d 700, 708 (3d Cir. 2004); *see Adams v. Freedom Forge Corp.*, 204 F.3d 475, 486 (3d Cir. 2000) (movant bears the burden of establishing these elements). The requirements for a temporary restraining order are similar. *See Otsuka Pharmaceutical Co., Ltd. v. Torrent Pharmaceuticals Ltd., Inc*, --- F.Supp.3d ----, 2015 WL 1782653 (D.N.J. April 16, 2015) (Simandle, C.J.).

A court will consider all four factors, but the first two are essential: A court may not grant injunctive relief, "regardless of what the equities seem to require," unless plaintiffs carry their burden of establishing *both* a likelihood of success and irreparable harm. *Adams*, 204 F. 3d at 484; *accord Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) (placing particular weight on the probability of irreparable harm and the likelihood of success on the merits, stating: "[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." (quoting *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1143 (3d Cir.1982)); *Morton v. Beyer*, 822 F.2d 364, 367 (3d Cir.1987); *Freixenet, S.A. v. Admiral Wine & Liquor Co.*, 731 F.2d 148, 151 (3d Cir.1984); *American Express*, 669 F.3d at 366, 374.

Injunctive relief, whether preliminary or temporary, must be denied here because plaintiff has made no showing of likely success on the merits. This is not the first time the plaintiff has come to federal court to contest the validity of her mortgage. In a prior action before Judge Hochberg, 2:14-cv-02369 (the "prior action"), the plaintiff alleged numerous causes of action—15 counts over

more than 50 hand-written pages—against the defendants and other entities associated with the origination, servicing, and processing of the same mortgage. There, the plaintiff sought, *inter alia*, to obtain a declaration stating that the mortgage was unenforceable (and also sought preliminary injunctive relief). The plaintiff filed two Amended Complaints, both of which were dismissed by Judge Hochberg. In dismissing the plaintiff's Second Amended Complaint, Judge Hochberg found that certain claims, to the extent they could be identified, were time-barred, and that "all counts…[were] pled in an entirely conclusory fashion" against defendants as a group, without factual specificity. (Dkt. No. 68, at 7) Because the plaintiff did not successfully state a claim after being afforded three opportunities to do so, Judge Hochberg dismissed the Second Amended Complaint with prejudice. (Dkt. No. 68, at 8). Thereafter, the plaintiff timely filed an appeal, which is pending. (Dkt. Nos. 69-70).

The plaintiff has responded by simply filing this separate federal court action, seeking a fourth bite at the apple. That case has been assigned to me (Judge Hochberg has retired from the Court). The plaintiff's claims against the defendants, however, were already adjudicated by Judge Hochberg in the prior action, and dismissed with prejudice.[1]

If dismissal "with prejudice" means anything, it means that a plaintiff cannot circumvent the bar to filing a Third Amended Complaint by instituting a separate, duplicative lawsuit. To view it another way, some or all of the issues asserted in this action are estopped by the prior judgment. *Howard Hess*

---

[1] Only one claim appears to go beyond what was asserted in the prior action. Plaintiff now claims that she "rescinded" her mortgage by letter dated June 12, 2015. She cites and attaches a copy of *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. \_\_\_, 135 S.Ct. 790 (2015). That case, however, holds that a borrower must give written notice of rescission under the Truth in Lending Act, 15 U.S.C. § 1635(a), (f), within (at most) three years after the date the loan was consummated. Plaintiff's loan was consummated some twelve years ago. That limitations period aside, defenses based on the validity of the mortgage come too late. The foreclosure action was initiated in 2008; a default judgment was entered in 2009; and a final judgment of foreclosure was entered in 2013.

*Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247 (3d Cir. 2010) (citations and quotations omitted) ("Under the doctrine of collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.")

In short, plaintiff's complaint (which shares the vagueness that led to the dismissal of its predecessors) and exhibits fail to make out a showing of likelihood of success on the merits.

To be sure, the pendency of a sheriff's sale on July 1, 2015, may constitute an emergency and a threat of irreparable harm as of today. But the circumstances suggest that the emergency is self-created. Litigation has been going on for years; plaintiff's "rescission" letter was sent on June 12, 2015; but this complaint and application for emergent relief were not filed until Friday, June 26, 2015, five days before the scheduled sheriff's sale.[2]

I note also that the plaintiff has not filed proof of service of the current complaint. Nor does she state in writing her efforts to give notice of this request for emergent relief or the reasons notice should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B); Local Rule 65.1.

At any rate, however, relief would be denied based on the lack of a showing of likelihood of success on the merits alone.

**IT IS** therefore this 29th day of June, 2015,

**ORDERED** that the plaintiff's motion for an emergent temporary restraining order and preliminary injunction is **DENIED**.

_____
KEVIN MCNULTY, U.S.D.J.

---

[2] Plaintiff has submitted a copy of the notice by publication of the foreclosure sale which cuts off the date, so the court is unable to determine when it was announced.

4